*Decision will be entered under Rule 50.*

ELLA U. SEIPP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101873. Promulgated June 13, 1941.

*Harry Thom, Esq.,* and *Benjamin A. Ragir, Esq.,* for the petitioner.
*E. G. Sievers, Esq.,* for the respondent.

### OPINION.

MURDOCK: The petitioner created the trust here in question on December 24, 1924. The net income from the trust estate was to be added to the principal of the trust until the first child reached the age of 25, at which time the corpus was to be divided into equal parts, one for each child. Children of a deceased child were to take their parent's share. Then, as the beneficiaries became 25 years of age, they were to receive the income from their share. The trust was to continue for 20 years after the death of the survivor of the two children and the corpus was then to be divided among the income beneficiaries. The settlor reserved the right to revoke the trust at any time after January 1, 1950, by an instrument in writing signed by her and her husband and delivered to the trustee. The trust estate, in case of revocation, was to be returned to the settlor.

This case comes squarely within section 167(a)(1) as interpreted by the Board and the courts. The court in *Altmaier* v. *Commissioner*, 116 Fed. (2d) 162, quoted with approval the following from *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401:

\* \* \* We think the statute means that if under any circumstances or contingencies any part of the accumulated income might inure to the benefit of the grantor, such portion of the income is taxable to him.

The following cases involved facts which are not distinguishable from those in the present case. *Edna B. Elias*, 41 B. T. A. 1109; *William Lea Taylor*, 37 B. T. A. 875; *Estate of A. C. O'Laughlin*, 38 B. T. A. 1120; affirmed *sub nom. First National Bank of Chicago* v. *Commissioner*, 110 Fed. (2d) 448. Capital gains in the *Elias* case were to be accumulated and added to corpus and the grantor could revoke the trust and recapture that income at any time after the trust had

been in existence for six and one-half years. The grantor in the *Taylor* case provided that the income should be accumulated during his lifetime and he could revoke the trust and recapture that income at any time after two years following the death of his mother. The grantor in the *O'Laughlin* case created a trust in 1931, which was revocable by him beginning January 1, 1935. The income was accumulated by direction of trustees who had no adverse interest. We held in each of those cases that the income was taxable to the grantor under section 167. They are authorities for reaching the same result in this case.

It is unnecessary to decide at this time whether the Board will follow *Helvering* v. *Dunning*, 118 Fed. (2d) 341, reversing 41 B. T. A. 1101, and *Reuter* v. *Commissioner*, 118 Fed. (2d) 698 under which it might be held that the power to revoke reserved by this petitioner was vested in her from the very creation of the trust, so that section 166 of the Revenue Act of 1934 would apply. Compare *Altmaier* v. *Commissioner*, *supra*, where the court held that its prior decision in *Corning* v. *Commissioner*, 104 Fed. (2d) 329, was no.longer authority. That was the case principally relied upon by the Board in holding that section 166 did not apply to the facts in the *Dunning* case and to the facts in the case of *Edna B. Elias*, *supra*.

Reviewed by the Board.

*Decision will be entered for the respondent.*